NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-386

COMMONWEALTH

vs.

MANUEL GUERRERO ESCALANTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Pursuant to a conditional plea agreement, the defendant, Manuel Guerrero Escalante, pleaded guilty to one count of possession of ammunition without an firearm identification (FID) card, G. L. c. 269, § 10 (h) (1); five counts of possession of a large capacity firearm or feeding device without a valid license to carry firearms, G. L. c. 269, § 10 (m); and one count of possession of a class B substance, G. L. c. 94C, § 34.  The agreement also dismissed a separate count of possession of a class B substance and deemed the defendant not responsible for a motor vehicle lights violation.  Before entering into the plea agreement, the defendant unsuccessfully moved to suppress any evidence obtained during a search of his vehicle, asserting that

the stop of that vehicle was unreasonably prolonged.  We agree

and therefore reverse the order denying the defendant's motion

to suppress.[1]

Background.  "We summarize the facts as found by the motion

judge, . . . supplemented by evidence in the record that is

uncontroverted and that was implicitly credited by the judge"

(quotations and citations omitted).  Commonwealth v. Jones, 100

Mass. App. Ct. 600, 601-602 (2022).  To the extent the findings

rely on video from a body-worn camera, "the judge's findings

drawn from it are not entitled to deference, and we may review

such evidence de novo."  Commonwealth v. Tremblay, 480 Mass.

645, 656 (2018).  See, e.g., Commonwealth v. Monroe, 472 Mass.

461, 464 (2015).

On September 9, 2022, at approximately 7:35 P.M., State

police Trooper Tiffany DaRosa was conducting a routine patrol in

the city of Taunton.  She signaled for the defendant to pull his

vehicle over, which he did without incident.  The trooper

approached the passenger side of the vehicle and informed the

defendant that she had stopped him for not having his headlights

---

[1] We need not reach the defendant's argument that he did not give consent to search his bag freely and voluntarily.  "Because we conclude that the prolonged seizure of the defendant was unconstitutional, any consent given during the illegal seizure was invalid."  Commonwealth v. Cordero, 477 Mass. 237, 238 n.1 (2017).

on. After the defendant apologized and turned his lights on, the trooper requested his license and registration. Following minutes of searching for the requested items and conversation, the defendant provided the trooper with his New Hampshire driver's license, registration, and documentation of insurance (collectively, the defendant's documents).

During their interaction, the trooper "noticed the defendant looking at a backpack that was located on the passenger seat while the documents [were] being produced." The video shows that after the trooper had the defendant's documents in hand, the trooper asked, "Got anything good in the backpack?"[2] In response, the defendant said, "You can check. Go ahead." The trooper then asked if the defendant wanted to open the backpack for her, and he proceeded to do so. In the backpack, the trooper observed orange medication bottles with the name and date of birth ripped off the labels. As a result, the trooper issued an exit order and searched the defendant's vehicle. The trooper found another prescription bottle with the label crossed out, a box of ammunition, several high-capacity magazines, and several rounds of ammunition. The defendant, who claimed he had

---

[2] As the trooper finished reading the defendant's insurance documents she specifically said, "Okay. Sounds good. Sounds good. Okay. I'll be righ--. Got anything good in the backpack?"

3

a gun license in New Hampshire but not Massachusetts, was then placed in handcuffs and read his Miranda rights.

Discussion. "A routine traffic stop may not last longer than 'reasonably necessary to effectuate the purpose of the stop.'" Commonwealth v. Cordero, 477 Mass. 237, 241 (2017), quoting Commonwealth v. Amado, 474 Mass. 147, 151 (2016). "The nature of the stop, i.e., for a traffic offense, defines the scope of the initial inquiry by a police officer." Commonwealth v. Buckley, 478 Mass. 861, 873 (2018), quoting Commonwealth v. Bartlett, 41 Mass. App. Ct. 468, 470 (1996). "The scope of a stop may only extend beyond its initial purpose if the officer is confronted with facts giving rise to a reasonable suspicion that further criminal conduct is afoot" (quotation and citation omitted). Commonwealth v. Tavares, 482 Mass. 694, 703 (2019). Otherwise, "[p]olice authority to seize an individual ends 'when tasks tied to the traffic infraction are -- or reasonably should have been -- completed.'" Commonwealth v. Soriano-Lara, 99 Mass. App. Ct. 525, 528 (2021), quoting Cordero, supra at 242.

The defendant argues that the motion judge erred in denying his motion to suppress because, upon production of a valid license and registration, the trooper had no basis for any further inquiry or detention of the defendant. We agree.

4

Here, once the trooper had the defendant's license, registration, and insurance documentation, she could have permissibly taken the time reasonably necessary to verify their validity. Instead, the trooper unreasonably prolonged the interaction by inquiring about the defendant's backpack.[3] The Commonwealth correctly conceded at oral argument that based on the relaxed interactions with the defendant to that point, the trooper did not have independent reasonable suspicion to inquire about the bag. The trooper had no justification to extend the scope of the stop beyond its initial purpose -- issuing the defendant a citation for a motor vehicle lights violation. See Tavares, 482 Mass. at 703 (traffic stop should have concluded when officer realized he mistakenly identified passenger as individual who had outstanding arrest warrant, and there was no other concern).

---

[3] Review of the video demonstrates that the motion judge's finding that the trooper inquired about the backpack "before she had an opportunity to return to her cruiser and run the defendant's information," is clearly erroneous. While the defendant did not use the phrase "clearly erroneous" in his brief, he did argue that the trooper had no basis for further inquiry after the defendant produced his documents. Moreover, the Commonwealth properly conceded at oral argument that when the trooper asked about the defendant's backpack, she already had all of the documents necessary to run the defendant's license and registration at her police cruiser.

Once the trooper received all of the defendant's documents, she could have checked their validity and thereby completed the investigative tasks reasonably included in a traffic stop for a motor vehicle violation.  The defendant's backpack had no relation to that violation.  Thus, the investigation into the contents of the backpack "that followed was unreasonable unless supported by additional justification."  Cordero, 477 Mass. at 242.[4]  As set forth above, we conclude that it was not.

We reverse the order denying the defendant's motion to suppress and remand the case to the District Court where the defendant may seek further relief in accordance with the terms of his conditional plea agreement and Mass. R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019).

So ordered.

By the Court (Henry, Hand & Brennan, JJ.[5]),

Clerk

Entered:  October 6, 2025.

_____

[4] The Commonwealth's argument that the trooper was permitted to inquire about the defendant's bag because she had not yet completed the traffic stop is misplaced.  The issue is not whether the trooper had completed her stop; it is whether her investigative inquiry into the defendant's backpack was "reasonably necessary to effectuate the purpose of the stop" (citation omitted).  Cordero, 477 Mass. at 241.

[5] The panelists are listed in order of seniority.